UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Grand Bear Lodge, LLC | ) | Case No. 11-02321(CAD) |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |

**OBJECTION TO THE REORGANIZED DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE**

O'Rourke & Moody, Patzik, Frank & Samotny, Greg Reinhold, Leno Campbell, Lisa Meyers, Mark Low, Michael Delap and Suzanne Czarnecki ("Respondents"), hereby object to Grand Bear Lodge, LLC's ("Debtor") Motion for Entry of Final Decree and Order Closing Chapter 11 Case ("Motion"), and state as follows:

**Introduction**

For more than two years, the Debtor has had the obligation under its confirmed Plan to fund an Unsecured Creditor Trust and make distributions from that Trust to unsecured creditors until they are paid in full. As the Debtor admits, no distributions have been made to the unsecured creditors. In fact, the Debtor has failed to fund the Unsecured Creditors Trust. As the Debtor has not taken any steps towards complying with its own plan with regards to the unsecured creditors, the Debtor's estate has not been fully administered. Thus, the Respondents object to the Debtor's Motion and request that the Motion be denied.

**Facts**

On January 21, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Prior to the Petition Date, the Debtor owned and operated a lodge, waterpark and related businesses in LaSalle County, Illinois. Pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continued to operate its businesses and manage its financial affairs as a debtor in possession.

On July 21, 2011, Debtor filed an Amended Plan of Reorganization. On April 12, 2012, the Debtor's Amended Plan was confirmed by Order of this Court.

Under the terms of the confirmed Amended Plan, the Debtor was required to make contributions to the Unsecured Creditor Trust. Am. Plan § 6.2.2. The Debtor was required to fund the Unsecured Creditor Trust until the Unsecured Creditor Trust Beneficiaries received 100% of the amount owed to them, plus interest at 1%. Am. Plan § 6.2.2. Specifically, the Debtor was required to make an annual contribution to the Unsecured Creditor Trust beginning April 15, 2013. Am Plan § 6.2.4. Thereafter, on May 15 of each year, the Unsecured Creditor Trust is to make a distribution to the Unsecured Creditor Trust Beneficiaries until the Beneficiaries are paid in full, plus interest. Am Plan § 6.2.4.

It is undisputed that the Debtor has not only failed to cause any distributions to be made to the Unsecured Creditor Trust Beneficiaries from the Unsecured Creditor Trust, but the Debtor has also failed to make any contributions at all to the Trust. In spite of this undisputed fact, the Debtor moved for entry of a final decree and order closing its Chapter 11 case claiming its estate is fully administered. The Debtor's Motion should be denied because the Debtor's failure to fund the Unsecured Creditor Trust and distribute any proceeds to the unsecured creditors shows the Debtor's estate has not reached substantial consummation.

**Argument**

"After an estate is fully administered..., the court shall close the case." 11 U.S.C. § 350(a). Likewise, the Federal Rules of Bankruptcy Procedure provide, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a

party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. The concept of "fully administered" means "the point when the estate reaches substantial consummation as defined by section 1101(2) of the bankruptcy code." *In re Wade*, 991 F.2d 402, 407 n. 2 (7th Cir. 1992); *see also In re Gould*, 437 B.R. 34, 39 (Bankr. D. Ct. 2010) (*citing In re Kliegl Bros. Universal Electrical Stage Lighting Co., Inc.*, 238 B.R. 531, 542-43 (Bankr. E.D.N.Y. 1999); *In re Fibermark, Inc.*, 369 B.R. 761, 765-767 (Bankr. D. Vt. 2007)). Substantial consummation means: (1) transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (3) commencement of distribution under the plan. *In re Xpedior Inc.*, 354 B.R. 210, 219 (Bankr. N.D. Ill. 2006) (*citing* 11 U.S.C. § 1101(2)).

In addition, courts also consider the following factors when determining if an estate has been fully administered: (1) when the order confirming the plan becomes final; (2) when deposits have been distributed; (3) when payments under the plan have been commenced; and (4) when all motions, contested matters, and adversary proceedings have been resolved. *Id.* (*citing Wade*, 991 F.2d at 407 n.2).

The Debtor's estate has not reached substantial consummation because none of the funds proposed by the Amended Plan have been transferred from the Debtor into the Unsecured Creditor Trust and the Debtor has yet to commence the distribution of any funds to the unsecured creditors. *See id.*, at 219. The Debtor's Amended Plan specifically provides that the Debtor fund an Unsecured Creditor Trust and that the unsecured creditors get paid in full from distributions from the Trust. The funding was conditioned upon the Debtor's operations meeting an Annual Cash Flow figure that the Debtor admits it has failed to meet for the two years since the

Amended Plan was confirmed. After nearly four years since the Debtor filed its Chapter 11 case and two years after the Amended Plan was confirmed, the unsecured creditors have been paid nothing. Making matters worse, the Debtor has taken no steps to even begin funding the Unsecured Creditor Trust. As such, the Debtor's estate has not reached substantial consummation where it has failed to begin funding the Unsecured Creditor Trust and has yet to make any payments whatsoever to the unsecured creditors. *See In re Omega Optical Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) (holding estate not fully administered where the debtor had yet to comply with the terms of its own plan); *In re Xpedior Inc.*, 354 B.R. at 219-20 (holding debtors' estates fully administered in part because all of the debtors' creditors received a 100% distribution on account of their claims). Accordingly, the Grand Bear estate has not been fully administered and the case should not be closed.

WHEREFORE, the Respondents respectfully request that the Court enter an order denying the Debtor's Motion for Entry of Final Decree and Order Closing Chapter 11 Case and granting such other and further relief as this Court deems just and proper.

Dated: September 15, 2014           By:     /s/ Michael C. Moody
                                            Michael C. Moody (ARDC No. 6205168)
                                            O'Rourke & Moody
                                            55 W. Wacker Drive, Suite 1400
                                            Chicago, IL 60601
                                            T: (312) 849-2020
                                            F: (312) 849-2021
                                            Email: mmoody@orourkeandmoody.com

# CERTIFICATE OF SERVICE

I, Michael C. Moody, an attorney, hereby certify that on September 15, 2014, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Objection to the Reorganized Debtor's Motion for entry of Final Decree and Order closing Chapter 11 case* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by U.S. mail on all other persons identified on the Service List below.

/s/ Jeffrey K. Paulsen

## SERVICE LIST
**Registrants in the Case**
(Service via ECF)

Leslie Allen Bayles leslie.bayles@bryancave.com

Joel L. Chupack jchupack@h-and-k.com

Aaron Davis aaron.davis@bryancave.com,

CHDocketing@bryancave.com,

kathryn.flaherty@bryancave.com,

thomas.schell@bryancave.com

Shelly A. DeRousse sderousse@freeborn.com,
bkdocketing@freeborn.com,

jhazdra@ecf.inforuptcy.com

Lawrence R. Drumm ldrumm@butlerpappas.com

John Eggum jeggum@fgppr.com

William J. Factor wfactor@wfactorlaw.com, wfactorlaw@gmail.com,
gsullivan@wfactorlaw.com,
gsullivan@ecf.inforuptcy.com,
wfactor@ecf.inforuptcy.com

Rob B. Heinrich rheinrich@h-and-k.com, smeyer@oppenheimer.com

David Paul Holtkamp dholtkamp@wfactorlaw.com,
gsullivan@wfactorlaw.com,

gsullivan@ecf.inforuptcy.com,
dholtkamp@ecf.inforuptcy.com

Michael W. Huseman mhuseman@dreyerfoote.com

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

Sara E. Lorber slorber@wfactorlaw.com,
gsullivan@wfactorlaw.com,
gsullivan@ecf.inforuptcy.com,
slorber@ecf.inforuptcy.com

Thomas W. Lynch twlpc@worldnet.att.net

Michael Maksimovich mail@attorneymm.com

Edward S. Margolis emargolis@tellerlevit.com

Brandy R. McMillion brandy.mcmillion@bryancave.com

Michael C. Moody mmoody@orourkeandmoody.com,
firm@orourkeandmoody.com,
morourke@orourkeandmoody.com

Raymond R. Nolasco NolascoLaw@comcast.net

Jeffrey K. Paulsen jpaulsen@wfactorlaw.com,
gsullivan@wfactorlaw.com,
gsullivan@ecf.inforuptcy.com,
jpaulsen@ecf.inforuptcy.com

Erika E. Pedersen epedersen@pwllp.com

Scott N. Schreiber sschreiber@clarkhill.com, jwoyan@clarkhill.com

Jon C. Vigano jvigano@schiffhardin.com,
edocket@schiffhardin.com,
rkafferly@schiffhardin.com