**United States Bankruptcy Court, Northern District of Illinois**

| Name of Assigned Judge | **Carol A. Doyle** | **Case No.** | 11 B 02321 |
|---|---|---|---|
| **DATE** | September 24, 2014 | **ADVERSARY NO.** | |
| **CASE TITLE** | In re Grand Bear Lodge, LLC | | |

**DOCKET ENTRY TEXT**

Reorganized debtor's motion for final decree is granted.

**[For further details see text below.]**

**STATEMENT**

     The second amended plan of reorganization in this chapter 11 case was confirmed in April 2012. The reorganized debtor now seeks entry of a final decree pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure. Several creditors object on the basis that the reorganized debtor has not fulfilled its obligation under the plan to fund an unsecured creditors' trust from which those creditors will be paid. The reorganized debtor responds that its obligation to fund the trust has not yet been triggered under the terms of the plan, and that it has fulfilled all of its obligations under the plan thus far.

     Rule 3022 of the Federal Rules of Bankruptcy Procedure provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The term "fully administered" is not defined in the Rule, but the Advisory Committee Note provides guidance:

**STATEMENT**

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Advisory Committee Notes to 1991 Amendments to Fed. R. Bankr. P. 3022.

The reorganized debtor states in its motion that it is running the business, there are no outstanding contested matters or adversary proceedings, and all payments required under the plan thus far have been made to the United States Trustee, administrative claimants, priority tax claimants, wage claimants, and secured claimants. The objectors do not dispute these facts. Instead, the objectors complain that the reorganized debtor has paid nothing into the unsecured creditors' trust. The objectors point to sections 6.2.2 and 6.2.4 of the plan. Those sections require the reorganized debtor to make contributions to the unsecured creditor trust, a trust that is funded by the debtor's "annual cash flow" until the trust beneficiaries have received 100% of the allowed amount of their claims, plus interest at 1%. The reorganized debtor is required to make the contributions by April 15 of each year, and then to make pro rata distributions of the funds to unsecured creditors on May 15 of each year. No payments have been made to the trust yet. The objectors therefore contend that the estate has not been fully administered so a final decree should not be entered.

The reorganized debtor responds that it has not earned sufficient income yet to require it to transfer funds to the trust under the plan. Under section 2.2.9 of the plan, the "annual cash flow" to be contributed to the trust is defined as earnings minus certain payments to other creditors, payments for capital improvements, non-cash items recognized as income and a working capital reserve of $250,000. The debtor asserts that it has not met its annual cash flow projections for the last two years, but that there was no guarantee that it would, a risk that was disclosed in the Disclosure Statement. It therefore contends that there is no need for further court supervision or for the debtor to keep paying U. S. Trustee fees.

The objectors have not contested the reorganized debtor's assertion that it has not earned sufficient income to be required to fund the trust. They simply suggest that a final decree cannot be entered until all payments to the unsecured creditors are made. This is not correct. As the

-2-

**STATEMENT**

objectors themselves recognize, the reorganized debtor need only have "commenced" distributions under the plan, not completed them. Nothing in Rule 3022 requires a reorganized debtor to have commenced a distribution to each creditor who is ever entitled to payment under the plan before a final decree can be entered, and the objectors cite no authority for this proposition. Instead, the court concludes that payments to creditors under the plan have commenced, so this element for entering a final decree has been satisfied.

The court finds that the plan has been substantially consummated for purposes of entering a final decree. Distributions under the plan have commenced, and it is undisputed that all the other elements that courts consider in entering a final decree have been satisfied. There is no further need for supervision by the court or the U.S. Trustee's office. The reorganized debtor's motion for entry of a final decree is granted.

Dated:    September 24, 2014

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge